IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PATRICIA HUGHES**, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No. 22-cv-1661-SMY |
| vs. | ) |
| | ) (Consolidated with 21-cv-485 [Master |
| **HONEYWELL INTERNATIONAL, INC.,** | ) Consolidated Case]) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Patricia Hughes filed the instant lawsuit against Defendant Honeywell International, Inc., asserting liability for violations of the Price-Anderson Act, 42 U.S.C. § 2210 *et seq.*, negligence, and strict liability. Under the most recent scheduling order, motions for leave to amend in this case were to be filed by March 9, 2023 (*Dassing v. Honeywell International Inc.*, Case No. 21-cv-485-SMY, Doc. 60-1). Discovery closed on April 19, 2024 (Doc. 116). Plaintiff now seeks leave to file a Second Amended Complaint out of time (Doc. 34), which Honeywell opposes (Doc. 36).

Motions to amend the pleadings filed after the deadline in a scheduling order are governed by Federal Rules of Civil Procedure 15 and 16. Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." When making good cause determinations, courts primarily consider the diligence of the party seeking amendment. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) ("[A]mong the aims of Rule 16 are to prevent parties from delaying or procrastinating and to keep the case moving toward trial").

When good cause is established under Rule 16(b), courts then apply Rule 15(a). *Alioto*, 651 F.3d at 719. Under Rule 15(a)(2), the moving party must seek the Court's leave to amend a

complaint, which the Court grants "when justice so requires." The Court may deny an amendment "when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001).

Plaintiff's motion does not demonstrate good cause under Rule 16. Plaintiff acknowledges that the deadline to amend the pleadings expired over a year ago, and merely states that "in the process of taking fact witness and expert depositions evidence has come to light which would suggest that punitive damages would be appropriate." She does not explain what this evidence entails or when it was discovered. Nor does Plaintiff offer any justification for the significant delay in seeking leave to amend.

Moreover, allowing Plaintiff to amend the complaint at this juncture would be unduly prejudicial to Honeywell. Because there is no reference to punitive damages in the operative complaint, Honeywell did not conduct discovery relevant to punitive damages. One purpose of Rule 16 is to ensure that "at some point both the parties and the pleadings will be fixed." *DR Distributors, LLC v. 21 Century Smoking, Inc.*, No. 12 CV 50324, 2019 WL 556496, at *4 (N.D. Ill. Feb. 12, 2019) (citing Rule 16 advisory committee's notes). That point came and passed over a year ago; discovery has closed, dispositive motions are due to be filed next month, and trial is set to begin in approximately 5 months. Plaintiff's motion for leave to file a First Amended Complaint (Doc. 34) is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:** May 3, 2024

**STACI M. YANDLE**
**United States District Judge**